IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GAIL SCHLEGEL

    Plaintiff,

v.

CASE NO.:
6:15-cv-1993-Orl-28TBS

FORTIVA FINANCIAL, LLC and
TELEPERFORMANCE d/b/a
ALLIANCEONE RECEIVABLES, INC. and
CARD SERVICES,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Gail Schlegel, by and through the undersigned counsel, sues Defendants, Fortiva Financial, LLC and Teleperformance d/b/a AllianceOne Receivables, Inc. and Card Services, and in support thereof respectfully alleges the following:

## INTRODUCTION

1.    Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq*. ("FDCPA").

2.    The TCPA was enacted to prevent companies like Fortiva Financial, LLC and Teleperformance d/b/a AllianceOne Receivables, Inc. and Card Services from invading American citizen's privacy and prevent abusive "robo-calls."

3.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

1

4.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.      This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of interest, fees and costs.

7.      Jurisdiction and venue for purposes of this action are proper and conferred by 28 U.S.C. §1331.

8.      Venue is proper in this District as Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and, Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person and citizen of the State of Florida who resides in Orange County, Florida.

10.      Plaintiff is a "consumer" as defined in Florida Statute § 559.55(2).

11.     Defendants are "persons" collecting an allege consumer debt and subject to the provisions of Florida Statute § 559.72.

12.     Defendant, Teleperformance d/b/a AllianceOne Receivables, Inc. and Card Services are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

13.     Defendant sought to collect an alleged debt from Plaintiff.

14.     The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

15.     Plaintiff is the "called party." See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

16.     Defendant, Fortiva Financial, LLC, is a corporation which was formed in Georgia with its principal place of business at Five Concourse Parkway, Atlanta, GA, 30328.

17.     Defendant, Teleperformance d/b/a AllianceOne Receivables, Inc. and Card Services, are a corporation which was formed in Delaware with its principal place of business at 4850 E. Street Road, Suite 300, Trevose, PA 19053 and conducting business in the state of Florida through its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

18.     Fortiva Financial, LLC and Teleperformance d/b/a AllianceOne Receivables, Inc. and Card Services hereinafter are collectively referred to as "Defendants."

19.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (407) 717-6475 (hereinafter "cellular telephone"), and was the called party of Defendant's hereafter described calls.

20.     On or about March 2013, Plaintiff took out a line of credit to purchase furniture for her daughter and son-in-law.

3

21.     On or about October 2014, Plaintiff's son-in-law was involved in a devastating medical crisis, lost his job and fell behind on the payments for the account.

22.     On or about March 29, 2015, Plaintiff received a letter from Defendant, stating they were going to report the account to the credit reporting agencies if she did not make a $29.00 payment on the account.

23.     Plaintiff made a payment arrangement with Defendants to make a $40.00 to stop them from reporting her account to the credit reporting agencies.

24.     Following said conversation, Plaintiff made the monthly payment on April 7th, 2015 as required.

25.     Defendants intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number, up to five (5) times a day, from approximately December of 2014 through May of 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

26.     Upon information and belief, some or all of the calls Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" (hereinafter "ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

27.     Furthermore, each of the calls at issue were placed by Defendants using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

28.     In or about December of 2014, Defendants initiated its campaign of phone calls to Plaintiff on Plaintiff's cellular telephone.

4

29.     Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: 800-551-2783, 800-551-0646, 800-551-2190, 800-551-1936, 800-551-2194, 800-551-1952, 615-991-5473, 631-229-9295 and 626-782-6078.

30.     In or about January of 2015, upon receipt of a call from Defendants, Plaintiff answered and informed the agent/representative that Plaintiff requested Defendants immediately stop calling her; therefore, revoking any previously perceived express consent to be called using the Defendant's ATDS, predictive dialer, pre-recorded message or artificial voice.

31.     During the January, 2015 phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any perceived express consent Defendants may have believed it had to Defendant's placement of telephone calls to Plaintiff's cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

32.     Each of the calls Defendants made to Plaintiff's cellular telephone number, after January 2015, were done so after she revoked consent and without the "express consent" of Plaintiff.

33.     Despite Plaintiff informing Defendants to stop calling, Defendant's calls to Plaintiff's cellular phone continued.

34.     Defendants have made in excess of one hundred (100) calls to Plaintiff's cellular telephone number.

35.     Due to the extreme volume of calls received, Plaintiff was unable to maintain a complete call log of each and every call Plaintiff received from Defendants; however, the following is a sampling of the calls Plaintiff received from Defendants after January, 2015:

      i.    Three calls from 800-551-2190 on April 9, 2015;

      ii.    Three calls from 800-551-0646 on April 10, 2015;

iii.   Four calls from 800-551-0646 on April 11, 2015;

iv.   One call from 800-551-2783 on April 11, 2015;

v.   Five calls from 800-551-1936 on April 21, 2015;

vi.   Five calls from 800-551-1952 on April 22, 2015;

vii.   Five calls from 800-551-2190 on April 23, 2015;

viii.   Five calls from 800-551-2194 on April 24, 2015;

ix.   Three calls from 800-551-0646 on April 25, 2015;

x.   One call from 800-551-2783 on April 25, 2015;

xi.   Four calls from 626-782-6078 on April 27, 2015;

xii.   One call from 800-551-2753 on April 27, 2015;

xiii.   One call from 631-229-9295 on April 28, 2015;

xiv.   Two calls from 615-991-5473 on May 2, 2015;

xv.   Five calls from 800-551-1952 on May 6, 2015;

xvi.   One call from 800-551-1952 on May 7, 2015;

xvii.   Two calls from 626-782-6078 on May 11, 2015;

xviii.   Five calls from 631-229-9295 on May 12, 2015;

xix.   Two calls from 631-229-9252 on May 13, 2015

36.   Upon information and belief Teleperformance d/b/a AllianceOne Receivables, Inc. and Card Services acted upon the instructions of Fortiva Financial, LLC to place calls to Plaintiff's cellular telephone.

37.   In the alternative Teleperformance d/b/a AllianceOne Receivables, Inc. and Card Services and Fortiva Financial, LLC acted jointly to place calls to Plaintiff's cellular telephone.

38.   The calls from Defendants continued, on average, once a day from December of 2014, through May of 2015.

6

39. Due to the actions by Defendants, Plaintiff has suffered anxiety and emotional distress.

40. Defendants have, or should be in possession and/or control of, call logs, account notes, autodialed reports and/or other records that detail the exact number of all calls made to Plaintiff.

41. Despite actual knowledge of their wrongdoing, Defendants continued its campaign of harassment and abuse, calling Plaintiff despite not having Plaintiff's express permission to call her cellular telephone number.

42. Defendants have a corporate policy to use an ATDS or a pre-recorded or artificial voice, and to make autodialed calls just as it did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or Defendants, to permit the removal of Plaintiff's cellular number.

43. Defendant's corporate policy and procedures are structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent Defendants may have had to make such calls.

44. Defendant's corporate policy and procedures provided no means for Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff from Defendant.

45. Defendants have a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

46. Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

47. Defendants have numerous complaints across the country against it asserting that their ATDS continues to call people who have revoked consent to be called.

48.     Defendants knowingly employ methods and/or has a corporate policy designed to harass and abuse individuals.

49.     Defendants knowingly employ methods that do not permit the cessation of or suppression of autodialed calls to Plaintiff's cellular telephone.

50.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

51.     Defendants willfully or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA as to Defendant, Fortiva Financial, LLC)

52.     Plaintiff re-alleges and fully incorporates Paragraphs one (1) through fifty-one (51) above as if fully stated herein.

53.     Defendant, Fortiva Financial, LLC, caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

54.     Defendant, Fortiva Financial, LLC, willfully and/or knowingly violated the TCPA, with respect to all of its calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's express consent.

55.     Defendant, Fortiva Financial, LLC, willfully and/or knowingly violated the TCPA, specifically for each of the calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant, Fortiva Financial, LLC, on or about January, 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged perceived consent Defendant believed it had to contact Plaintiff, and told Defendant, Fortiva Financial, LLC, to cease calling Plaintiff.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Fortiva Financial, LLC,, for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA as to Defendant Fortiva Financial, LLC)

56.     Plaintiff re-alleges and fully incorporates Paragraphs one (1) through fifty-one (51) above as if fully stated herein.

57.     At all times relevant to this action Defendant, Fortiva Financial, LLC, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

58.     Defendant, Fortiva Financial, LLC, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

59.     Defendant, Fortiva Financial, LLC, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

60.     Defendant, Fortiva Financial, LLC, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Fortiva Financial, LLC, for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the TCPA as to Defendant Teleperfomance
### d/b/a AllianceOne Receivables, Inc. and Card Services)

61.     Plaintiff re-alleges and fully incorporates Paragraphs one (1) through fifty-one (51) above as if fully stated herein.

62. Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

63. Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, willfully and/or knowingly violated the TCPA, with respect to all of its calls made to Plaintiff's cellular telephone number without Plaintiff's express consent.

64. Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, willfully and/or knowingly violated the TCPA, specifically for each of the calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, on or about January, 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged/or perceived consent Defendant believed it had to contact Plaintiff, and told Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, to cease calling Plaintiff.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FCCPA as to Defendant Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services)

65. Plaintiff re-alleges and fully incorporates Paragraphs one (1) through fifty-one (51) above as if fully stated herein.

66.     At all times relevant to this action Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

67.     Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

68.     Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

69.     Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

**COUNT V**
**(Violation of the FDCPA as to Defendant Teleperfomance**
**d/b/a AllianceOne Receivables, Inc. and Card Services)**

70.     Plaintiff re-alleges and fully incorporates Paragraphs one (1) through fifty-one (51) above as if fully stated herein.

71.     At all times relevant to this action Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, is subject to and must abide by 15 U.S.C. § 1692 et seq.

72.     Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

73.    Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Teleperfomance d/b/a AllianceOne Receivables, Inc. and Card Services, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

Jared M. Lee, Esquire
FL Bar#: 0052284
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
JLee@ForThePeople.com
JMLPleadings@ForThePeople.com
Attorney for Plaintiff